# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Scott Selmer,

       Plaintiff,                        Civ. No. 12-1707 (RHK/TNL)

                                         **ORDER**

v.

State of Minnesota, *et al.*,

       Defendants.

---

This matter is before the Court *sua sponte*.

This action arises out of an ongoing dispute between Plaintiff Scott Selmer, an attorney and former President of the St. Paul Urban League (the "League"), and two of the League's members, Defendants Willie Mae and William Wilson.  The Complaint alleges that in February 2012, the Wilsons sued Selmer and the League, among others, in the Ramsey County, Minnesota District Court (the Honorable Margaret Marrinan presiding), seeking an order preventing the sale of certain real property the League owns in St. Paul, Minnesota.  The tenor of the Wilsons' Complaint was that Selmer, while serving as the League's President, misappropriated its assets for his own personal gain, in violation of Minnesota law.  Selmer appeared *pro se* at an initial hearing and argued, among other things, that the Wilsons lacked standing to sue because they were no longer League members.  Judge Marrinan rejected that argument and issued the requested order.

Selmer commenced the instant action on July 16, 2012, naming as Defendants the State of Minnesota, Ramsey County, Judge Marrinan, and the Wilsons; he did not pay the

required filing fee, but rather submitted an application to proceed *in forma pauperis*. He alleges in this case that (1) Judge Marrinan erred in concluding the Wilsons had standing to bring the state action and (2) in hearings following the issuance of her order, Judge Marrinan prevented Selmer from being heard, either by "ignor[ing]" him or "cut[ting] him off," "direct[ing] [him] to be quiet and sit down," or "refus[ing] to acknowledge that [he] had standing to participate." (Compl. ¶¶ 20-21, 28-29.) He asserts that "[a]s a direct result" of this conduct, he "will lose the compensation and benefits duly owed him" by the League and has been "denied the opportunity to defend his reputation." (Id. ¶ 36.) He purports to bring claims for "denial of his Constitutional rights to equal protection [and] due process," race discrimination, and "deprivation of his property rights" under 42 U.S.C. §§ 1981 and 1983.

Title 28 U.S.C. § 1915, which governs *in forma pauperis* actions in federal court, requires the Court to screen Selmer's Complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court concludes that all three of these grounds are implicated here.

First, Selmer has failed to state a claim against the State of Minnesota, Ramsey County, or the Wilsons. The State is nowhere mentioned in Selmer's rambling Complaint, and Ramsey County appears to have been sued only because Judge Marrinan is chambered there. Moreover, the Complaint pleads no cause of action against the Wilsons;

they have apparently been sued simply because they are plaintiffs in the state-court case.[1] All of the alleged "misconduct" identified in the Complaint was undertaken by Judge Marrinan alone.

<u>Second</u>, Selmer has failed to allege any valid claim predicated on his race. Indeed, he has not even pleaded that he falls within a protected racial category, and there is nothing in the Complaint – not even a conclusory allegation – remotely suggesting that any of the challenged conduct occurred on account of his race (whatever it might be).

<u>Third</u>, Judge Marrinan is absolutely immune from suit here. Selmer challenges her handling of (and rulings in) the state-court action, but as the Supreme Court recognized in <u>Pierson v. Ray</u>, 386 U.S. 547 (1967):

> Few doctrines [a]re more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in <u>Bradley v. Fisher</u>, 13 Wall. 335, 20 L. Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation.

---

[1] In any event, the Wilsons are not "state actors" and, hence, are not amenable to suit under 42 U.S.C. § 1983, and Selmer has not "identif[ied] an impaired contractual relationship under which [he] has rights" to support a claim against them under 42 U.S.C. § 1981. <u>Gregory v. Dillard's, Inc.</u>, 565 F.3d 464, 468 (8th Cir. 2009) (*en banc*). Moreover, to the extent they have been sued for making (supposedly) defamatory statements in the state-court litigation, such claims necessarily fail. <u>See</u> <u>Matthis v. Kennedy</u>, 67 N.W.2d 413, 417 (Minn. 1954) ("[D]efamatory matter published in the due course of a judicial proceeding is absolutely privileged and will not support a civil action for defamation although made maliciously and with knowledge of its falsehood. [This protection] extends to . . . the judge, the jury, the party or parties, counsel, and witnesses.").

Id. at 553-54 (internal quotation marks and citation omitted).

Fourth, and finally, but perhaps most importantly, the entire Complaint is frivolous. Selmer appears to be nothing more than a disgruntled state-court litigant, but it has long been recognized that "the Civil Rights Acts and the Constitution do not provide a federal forum for review of state court proceedings." Phillips v. Fisher, 445 F. Supp. 552, 557 (D. Kan. 1977). Indeed, under the Rooker-Feldman doctrine, federal courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). Moreover, principles of comity counsel against this Court taking any action that might impair the state-court case, as does the Anti-Injunction Act, 28 U.S.C. § 2283, which "prohibits federal courts from interfering with proceedings in state courts." Daewoo Elecs. Corp. of Am., Inc. v. W. Auto Supply Co., 975 F.2d 474, 477 (8th Cir. 1992). Selmer's lone avenue to challenge the complained-of conduct is an appeal to the Minnesota Court of Appeals, an avenue down which he has already traveled at least once (albeit unsuccessfully). Further, even if the Court *could* entertain Selmer's claims, the situation here would strongly militate in favor of abstention under Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-18 (1976). See Myer v. Americo Life, Inc., 469 F.3d 731, 732 (8th Cir. 2006) (Kyle, J., sitting by designation) ("In Colorado River, the Supreme Court held that . . . a federal court may dismiss a properly filed federal action in favor of a parallel state-court action.").

At bottom, the Court is left with the distinct impression that Selmer commenced this

action to harass and annoy his opponents in the state-court action; to undermine Judge Marrinan's continued handling of that case; and to seek a forum (ostensibly) more favorable to him. Besides running afoul of Section 1915, such conduct potentially violates Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and Selmer's obligations as a member of the bar of the State of Minnesota. Indeed, the Court notes that Selmer has previously been suspended from the practice of law "for engaging in a pattern of frivolous and harassing litigation." In re Disciplinary Action Against Selmer, 749 N.W.2d 30, 34 (Minn. 2008) (*per curiam*). This Court, too, will not countenance such conduct.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Selmer's application to proceed *in forma pauperis* (Doc. No. 2) is **DENIED** and the Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). Selmer's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: July 17, 2012   s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge